UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSICA MAE MATHESON, d/b/a JESS'S WHOLESALE,<br><br>Plaintiff,<br><br>v.<br><br>LEE SMITH, et al.,<br><br>Defendant. | CASE NO. C11-5946 RBL<br><br>ORDER ON MOTION TO DISQUALIFY JUDGE RONALD B. LEIGHTON |

On December 23, 2011, Plaintiff filed a "Motion to Disqualify Judge Ronald B. Leighton" alleging that Judge Leighton "would not be impartial due to advanced factual knowledge [from having presided over prior litigation involving Plaintiff's family]." Dkt. No. 11, p. 2. Pursuant to Local General Rule 8(c), Judge Leighton reviewed plaintiff's motion, declined to recuse himself voluntarily, and referred the matter to the undersigned. Dkt. No. 29. Plaintiff's motion for voluntary recusal is therefore ripe for review by this Court.

## DISCUSSION

Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." A federal judge also shall disqualify himself in circumstances where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980). In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

This is precisely the situation presented by the facts of this case. The simple fact that a judge made an adverse ruling in a prior case involving related parties does not form the basis for a recusal in later litigation. There is no allegation (then or now) that Judge Leighton did not

reach an impartial decision in the prior lawsuit. Plaintiff presents no reason to question Judge Leighton's impartiality now.

The motion to disqualify Judge Leighton from presiding over this case will be DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 24th day of February, 2012.

_____
Marsha J. Pechman
Chief United States District Judge