HONORABLE RONALD B. LEIGHTON

+

UNITED STATES DISTRICT COURT
WESTERN + OF WASHINGTON
AT TACOMA

JESSICA MAE MATHESON, dba
JESS'S WHOLESALE,

                    Plaintiff,

        v.

LEE SMITH et al.,

                    Defendant.

No. 3:11-cv-05946-RBL

ORDER ON VARIOUS MOTIONS
[Dkt. #s 9, 15, 10 & 20]

        THIS MATTER comes before the Court on Defendants' (together, the State) Motion to

Dismiss Plaintiff's complaint for lack of subject matter jurisdiction [Dkt. #9], and Plaintiff's

Motion[1] for a Preliminary Injunction [Dkt. #25].

A.   BACKGROUND

        Plaintiff Jessica Mae Matheson is a member of the Puyallup Indian Tribe.  She is also

apparently a member (or is qualified to be a member) of the Coeur d'Alene Indian Tribe, and she

lives on that tribe's Idaho reservation.  Plaintiff does business in Washington State as a sole

proprietorship called "Jess's Wholesale."  Jess's Wholesale is a licensed Washington cigarette

---

[1] Defendants' Motion to Continue the Motion for a Preliminary Injunction [Dkt. #19] and
Plaintiff's Motion to Postpone the Motion to Dismiss [Dkt. #20] are DENIED as moot.

ORDER - 1

wholesaler.   The case arises from a $9.2 million Washington State Department of Revenue tax

assessment against the Plaintiff, in connection with her cigarette wholesale business.  Plaintiff

unsuccessfully opposed the assessment before the Washington Board of Tax Appeals, and in the

Thurston County Superior Court.  The case is currently pending in the Washington State Court of

Appeals.

In this action, Plaintiff alleges primarily that the State (and its agents and employees) did

not have the authority to tax her business, and that they knew it.  She claims to be the only

female registered Indian ever granted a Washington State wholesale license, and claims that the

taxing authority has discriminated against her both because she is female and because she is an

Indian.  She also claims, at length, that she did not improperly transport unstamped cigarettes,

and that the Department of Revenue has not proven that she did.  These factual and legal

arguments are prominent in the state court litigation against her.  Indeed, her complaint recites

testimony of taxing authority witnesses, apparently from that litigation, in an effort to bolster her

claim that the tax assessment is unfounded and not enforceable.

She claims that Department of Revenue employees knew that she was not subject to their

taxing authority, and that she did not do the various acts they claim she did in support of their tax

assessment.  She claims they unjustly and unconstitutionally targeted Plaintiff and her family,

and that their motivation for doing so is furtherance of a "policy to run all tribal Indians out of

the cigarette business in order to protect the high state tax" [Dkt. #1 at 12].  She claims that the

government's differential treatment of cigarette sales on military bases is evidence of its

discrimination against Indian Tribes.

Plaintiff asserts six broad claims for relief:  She seeks (1) a declaratory judgment that she

is not subject to the tax and enjoining the state from attempting to collect the assessment at issue

in State court.  Plaintiff also seeks (2) damages for the defendants "violations of 42 U.S.C. §§1983, 1985(3) and 1981."

Plaintiff's third claim for relief seeks (3) "Prospective Relief" in the form of injunctions restraining the State and its employees from "interfering in any way with Plaintiff's right to transport commercially packaged cigarettes purchased from licensed wholesalers that do not bear Washington state cigarette tax stamps or cigarettes which no Washington State cigarette tax has been paid from locations in the State of Washington to Indian tobacco retailers locate in and doing business on federally recognized Indian Reservations."  It also seeks a determination that parts of Chapter 82.24 RCW violate the Tenth and Fourteenth Amendments, and an injunction precluding the State from enforcing its judgment in this case.

Plaintiff also seeks (4) a declaration that a host of Washington State tax laws related to the cigarette industry are unlawful as applied to Plaintiff, and that the tax assessment against her is void and unenforceable, and was entered by a court without jurisdiction over her.  Her next claim again seeks (5) damages for discrimination in violation of her civil rights, and her final claim seeks (6) an injunction and attorneys' fees, enjoining the State from violating the Plaintiff's rights and from conspiring to do so, and for damages, again for such violations in the past.

Plaintiff seeks a preliminary injunction, precluding the state from executing on her $5000 bond and from terminating her Washington business license for failure to pay the tax assessment. The basis for this injunction is the same as Plaintiff's core claim in this case (and her defense of the underlying tax assessment case): she is an enrolled Indian living on Tribal land.  Plaintiff suggests that this means that the state has no jurisdiction over her, and indeed that she is not

ORDER - 3

required to have a cigarette wholesaler license.  She apparently claims that her Indian status

means that she is entitled to have her claims heard in federal court.

The proper legal standard for preliminary injunctive relief requires a party to demonstrate

"that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Because one factor that Plaintiff must demonstrate in order to obtain a preliminary

injunction is that she has a likelihood of success on the merits, the resolution of Defendants'

Motion to Dismiss will resolve the Plaintiff's Motion, and it will be addressed first.

The State seeks dismissal of all of Plaintiff's claims under Fed. R. Civ. P. 12(b)(1) and

(6).  It argues that the Tax Injunction Act (28 U.S.C. §1341) deprives this court of subject matter

jurisdiction to hear Plaintiff's injunction, declaratory judgment, and damage claims, because she

has a plain, speedy, and adequate remedy for those claims in state court.  It argues that any of

Plaintiff's claims that are not so barred cannot survive because her claims against the state and its

employees in their professional capacity are barred by the Eleventh Amendment. And it claims

that if Plaintiff's complaint can be read to assert claims against the employees personally, they

are entitled to qualified immunity, because enforcing the cigarette tax laws Plaintiff now claims

are unconstitutional does not violate a clearly established constitutional right.

Finally, the state argues that Plaintiff's equal protection and discrimination claims fail as

a matter of law because identical claims on similar facts have been roundly rejected.  Where the

state's taxing scheme simply reflects a distinction drawn by the United States Supreme Court in

its case law, there was no discrimination or equal protection violation.  *United States v. Baker,* 63

ORDER - 4

F.3d 1478, 1490-91 (9th Cir. 1995)( *citing Washington v. Colville,* 447 U.S. 134, 160 (1980) *and American Fed'n of Gov't Hancock v.Train,* 426 U.S. 167, 178-79 (1976)).

Plaintiff opposes the Defendants' Motion to Dismiss by reciting her version of the facts about what cigarettes she sold to whom, where and when.  She reiterates that she is an enrolled tribal member living on tribal land.  She states, without actually explaining, that the Tax Injunction Act does not apply.  Plaintiff does argue that some of the Defendants could not be parties in the tax assessment case, and that she was not entitled to a jury trial there, but the State argues persuasively that this is insufficient to overcome the Tax Injunction Act.

## B.  DISCUSSION

Despite Plaintiff's vehement factual[2] recitations, the issue presented by the State's Motion under the Tax Injunction Act is one of law.  The state argues that the Tax Injunction Act and principles of comity require dismissal of Plaintiff's entire complaint, because the relief she seeks would hinder the application or enforcement of state taxes.  The State correctly points out that all of the factual claims she makes relate to these collection and enforcement activities.  It also cites numerous authorities holding that individual Indians cannot overcome the Tax Injunction Act, even where their arguments are based in part on constitutional preemption, Indian Commerce Clause, or sovereignty principles, so long as an adequate state remedy exists. *Comenout v. State,* 722 F.2d 574, 575 (9th Cir. 1983);  *see also Amarok v. Nevada,* 935 F.2d 1068 (9th Cir. 1991).

The Ninth Circuit has consistently held that "the Tax Injunction Act bars individual Indians from suing under section 1983 to challenge the enforcement of state tax laws, so long as

---

[2] It should be noted that Plaintiff's attorneys' Declaration is filled with hearsay and other matters to which he is not competent to testify, such as Plaintiff's Indian blood, her relationships with her family, and various conversations and correspondence to which he was not a party.  However, this is a Motion to Dismiss, not a Motion for Summary Judgment, and the sufficiency of Plaintiff's pleadings, not the sufficiency of her evidence, is at issue.

ORDER - 5

adequate state remedies are available." *Comenout*, 722 F.2d at 576.  *See also Rosewell v. LaSalle Nat'l Bank,* 450 U.S. 503, 522 (1981).

*Comenout* involved similar claims by an Indian plaintiff that the tax at issue was illegal, and that the agents seeking to enforce it had acted unconstitutionally.  The *Comenout* court held that where the gravamen of the complaint was the State's attempt to enforce its cigarette tax scheme, even unlawful arrest and assault claims were barred by the Tax Injunction Act. *Id.* It further held that the individual Indian plaintiff could not overcome the Act by asserting claims against individual officers, because such suits would intrude on the state's enforcement of its taxing scheme just as much as claims against the state or its agencies.  *Id*.

And while there is an exception in the Tax Injunction Act for Indian *Tribes*, the Ninth Circuit has held that it does not apply to *individual* Indians:

> The broad, simple language of the [Tax Injunction Act] is a firm
> indication that Congress did not intend to exempt any particular
> group of people from the jurisdictional bar. If Congress had meant
> to leave the district courts open to Indians who had federal Indian
> rights claims, Congress surely would have made that clear.

*Amarok*, 935 F.2d at 1069-1070.  The cases relied upon by Plaintiff do not address or overcome these authorities.  For her to succeed on any of her claims, Plaintiff would have to prevail on her claim that the tax assessment was improper.  Her claims are squarely within the Tax Injunction Act's broad jurisdictional bar.

The issue, then, is whether plaintiff has a plain, speedy, and adequate remedy for her claims in state court.  To satisfy this test, the state remedy available does not have to be the best remedy, and it does not have to be equal to the remedy available in federal court.  *See Mandel v. Hutchinson,* 494 F.2d 364, 367 (9th Cir. 1974).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The State argues that Plaintiff had adequate remedies in state court, and furthermore that in *Comenout,* the Ninth Circuit already held that such remedies are adequate for purposes of the Tax Injunction Act—even where, as here, the plaintiff asserts federal civil rights claims.  It argues that Plaintiff had three options for challenging the assessment in state court, one of which did not require her to pay the assessment before making her claim that the tax was unconstitutional.  It also points to authority holding that a prepayment requirement is not enough to warrant federal jurisdiction over a states taxing scheme.  *See Wood v. Sargeant,* 694 F.2d 1159, 1160 (9th Cir. 1982).

The State argues that Plaintiff could have paid the assessment and sought a refund under R.C.W. § 82.32.180.  Or, she could have the injunction she now seeks here, in state court under R.C.W. Rev. Code 82.32.150, which permits a taxpayer to defend without prepaying, on constitutional grounds.  Instead, Plaintiff chose to appeal the assessment to the Board of Tax Appeals, even though the Board does not have the ability to declare a rule or statute unconstitutional.

It is true that due to the size of the assessment, prepayment was not a likely option.  But there are two problems with Plaintiff's argument that the prepayment requirement means she did not have an adequate state law remedy:  one, she did not have to elect to proceed in a manner that would require prepayment in order to challenge the tax scheme's constitutionality; and two, the Ninth Circuit has already held that prepayment requirements do not mean that such remedies are not adequate for purposes of the Tax Injunction Act.  *See Wood, supra*, and  *Air Polynesia, Inc. v. Freitas,* 742 F.2d 546, 548 (1984).

The Tax Injunction Act deprives this court of subject matter jurisdiction over Plaintiff's injunctive, declaratory and damages claims.  The State's Motion to Dismiss is therefore

ORDER - 7

GRANTED and Plaintiff's claims are DISMISSED.  Because she cannot succeed on the merits,

her Motion for Preliminary Injunction is DENIED.

This determination resolves the State's Motion, but even if Plaintiff's damages claims

survived the Tax Injunction Act, they would be barred against the named defendants by the

Eleventh Amendment.

IT IS SO ORDERED.

DATED this 17th day of May, 2012.


_____

Ronald B. Leighton
United States District Judge